362 February 19, 2026 No. 129

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. A. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. D.,
*Appellant.*

Douglas County Circuit Court
25JU02032; A188328 (Control)

In the Matter of J. J. A. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. D.,
*Appellant.*

Douglas County Circuit Court
25JU02033; A188329

Ann Marie Simmons, Judge.

Submitted January 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Deputy Attorney General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated juvenile dependency case, mother appeals judgments of the juvenile court asserting jurisdiction over her two-year-old twin children, J and M, pursuant to ORS 419B.100(1)(c). Father, J, and M are members of the Cow Creek Band of Umpqua Tribe of Indians, which makes the case subject to the provisions of the Indian Child Welfare Act (ICWA), 25 USC §§ 1901-1963, and the Oregon Indian Child Welfare Act (ORICWA), Or Laws 2020, ch 14, §§ 1 - 66 (Spec Sess 1) (codifying new provisions at ORS chapter 419B.600 to 419B.665 and amending portions of ORS chapters 350, 418, 419A, and 419B).

The juvenile court determined that mother and father's substance abuse as well as their codependent, volatile relationship placed J and M at risk of serious loss or injury. Mother raises ten assignments of error.[1] Mother's first and second assignments of error are that the juvenile court erred when it asserted jurisdiction because "mother's substance abuse impairs her ability to safely parent the child[ren], placing [the] child[ren] at risk of harm." Mother's third and fourth assignments of error are that the juvenile court erred in asserting jurisdiction on the ground that "father's substance abuse impairs his ability to safely parent the child[ren], placing [the] child[ren] at risk of harm." Mother's fifth and sixth assignments of error are that the juvenile court erred when it asserted jurisdiction for the reason that "parents are aware the other parent uses substances and are unwilling or unable to protect the child from the other parent's chronic substance use and behaviors, which places th[e] child[ren] at risk of harm." Mother's seventh and eighth assignments of error are that the juvenile court erred in asserting jurisdiction based on parents engaging "in an unhealthy codependent and volatile relationship which creates a chaotic and unsafe environment for the child[ren], causing substantial risk of serious physical and emotional harm to the child[ren]." For the reasons that follow, we affirm the judgment of the juvenile court.

---

[1] Also decided today is *Dept. of Human Services v. J. G. O.*, 347 Or App 368 (2026) (nonprecedential memorandum decision), in which we address father's appeal of judgments asserting jurisdiction over the same two children.

Mother has not requested that we review *de novo*, and we decline to exercise our discretion to do so.[2] Because this case is subject to ICWA and ORICWA, we therefore view the evidence in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the totality of the evidence in the record was legally sufficient to permit any rational juvenile court to determine that clear and convincing evidence supported the court's determinations. *Dept. of Human Services v. A. R. E.*, 340 Or App 73, 76, 571 P3d 211 (2025). "To establish jurisdiction, [ODHS] must present evidence sufficient to support a conclusion that the child's condition or circumstances expose the child to a current threat of serious loss or injury that is likely to be realized." *Dept. of Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018) (internal quotation marks omitted). "DHS must establish the type, degree, and duration, of the harm at issue and a nexus between the allegedly risk-causing conduct and the harm to the child." *Id*. (internal quotation marks omitted). "The risk of harm must be nonspeculative; that is, there must be a reasonable likelihood that the threat will be realized." *Id*. (internal quotation marks omitted). "A parent's substance abuse alone is not sufficient to assert jurisdiction[.]" *Id.* at 740. "DHS must prove that the parent is abusing drugs or alcohol, or exposing a child to drugs or alcohol, in a way that puts the child at risk of serious harm." *Dept. of Human Services v. J. J. B., Jr.*, 291 Or App 226, 236, 418 P3d 56 (2018) (internal quotation marks omitted).

On this record, we agree with the determinations of the juvenile court. The juvenile court determined that father and mother "have had an ongoing substance abuse problem," and "both [parents] have engaged in some behaviors that suggest that [they] continue to this day to struggle with sustained sobriety." The juvenile court permissibly inferred that inattentiveness was a causal factor in J ingesting brake

---

[2]  *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

fluid, and mother admitted she had used methamphetamine that morning. The evidence in the record also shows that J and M were born prematurely at 27 weeks gestation, and drug affected, which caused them to need speech therapy and made them more susceptible to breathing problems. Although mother has made significant progress in her treatment, the record shows that mother has experienced longer periods of sobriety before a relapse, and she has identified father as one of her triggers for relapse. All of these facts, collectively, were sufficient to show that parents' drug use put J and M at a nonspeculative, reasonable likelihood of harm. *See Dept. of Human Services v. M. E.*, 255 Or App 296, 313, 297 P3d 17 (2013) ("we must evaluate whether the allegations in the petition are *collectively* sufficient, if proven, to establish jurisdiction" (internal quotation marks omitted; emphasis in original)).

Mother's argument that the juvenile court erred in determining that neither parent can protect the children from the other's drug use relies on us determining that the substance abuse allegations were not proven. Because we hold that the juvenile court did not err in determining that parents' substance abuse put J and M in reasonable likelihood of harm, we similarly hold that the juvenile court did not err in its determination that neither parent could protect J and M from the other parent's substance abuse.

The record evidence shows that mother and father's volatile relationship has placed the children at significant risk of serious injury. Mother and father have acknowledged that the other parent is a trigger for their own substance abuse. Mother and father also acknowledge that their fighting is worse when they are using drugs. Mother admitted that she had used methamphetamines the day that J ingested brake fluid and that she was upset with father over his marriage.[3] Additionally, father is admittedly inattentive with J and M when he uses methamphetamine, and

---

[3] Father and mother have lived together since 2019, although father married someone else who is not a party to this appeal in 2024. At the time of the hearing, that marriage had not been dissolved, and there is no record evidence that it was dissolved after the hearing. Mother's brief states that father "ended his romantic relationship with his wife about two weeks after their wedding and reunited with mother, but he did not dissolve" that marriage. That marriage notwithstanding, father and mother have continued their relationship.

although he testified that he did not recall if he used meth-amphetamines the day J ingested brake fluid, the juvenile court determined that inattentiveness was a causal factor in that incident. In one instance, mother took J and M with her to confront father about his relationship with his wife. While mother was inside confronting father and his wife, she left J and M in her vehicle unattended. This evidence supports the juvenile court's determination that parents' relationship was a volatile, codependent relationship that endangered the children.

Having reviewed the record, we conclude that the evidence was legally sufficient to prove that the bases for dependency jurisdiction exposed J and M to a nonspecula-tive threat of serious loss or injury.

Affirmed.